IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J&L ENTERPRISES, LLC, | Case No.  4:24-cv-03222 |
| Plaintiff, | |
| vs. | |
| JIM DAWS TRUCKING, LLC, | |
| Defendant. | |

## DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Prepared and submitted by:

Andre R. Barry #22505
Henry L. Wiedrich #23696
Madeline C. Hasley #27870
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 US Bank Building
Lincoln, NE 68508
(402) 479-6900
abarry@clinewilliams.com
hwiedrich@clinewilliams.com
mhasley@clinewilliams.com

December 20, 2024

Defendant Jim Daws Trucking, LLC ("JDT") respectfully submits this Brief in support of its Motion to Dismiss.

## I. INTRODUCTION

On October 2, 2024, JDT filed a lawsuit in this Court against Daws Inc., James R. Daws, Lana R. Daws, Daws Trucking, Inc., and Columbus Transportation & Logistics, LLC, for $10,000,000. [Filing No. 1 in 4:24-cv-03177.] As alleged in the Complaint in that case, the Plaintiff in this case, J&L Enterprises, LLC ("J&L"), is a company owned by Jim and Lana Daws, which part of an ongoing dispute between Jim Daws and other companies he owns, on the one hand, and JDT, on the other. [Case No. 4:24-cv-03177, Filing 1, ¶¶ 7, 36, 57.] In this case, J&L alleges three separate causes of action against JDT: a First Claim for Accounting; a Second Claim for Breach of Contract; and a Third Claim for Unjust Enrichment. As set explained below, J&L has failed to set forth a viable claim for breach of contract, and its Second Claim is thus subject to dismissal.

## II. J&L's ALLEGATIONS

The allegations in J&L's Complaint against JDT are sparse. J&L alleges that it leased semi-trailers to JDT; that JDT would pay J&L a portion of the revenue and other fees resulting from cargo carried using J&L's Tractors; that after hauling a load of cargo, JDT would account to J&L for the cargo it hauled and pay **JDT** "the agreed upon rates"; that JDT is in sole possession of documents and information needed to calculate the payments J&L claims are owed; and that J&L has refused to pay. [Filing 1 ¶¶ 7–13.]

The Complaint does not allege offer or acceptance, the existence of any document, or the contents of any oral agreement reflecting a meeting of the minds as to the alleged "agreed upon rates." It does not allege what those rates were, or any other terms or conditions precedent to the parties' alleged contract. While the Complaint alleges that JDT "failed are refused to provide an accounting," it does not allege that J&L, in fact, made any request or demand or request for an accounting or payment by JDT. [*See id.*]

### III. LEGAL STANDARD

"Dismissal under Fed. R. Civ. P. 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Cronin v. Peterson*, 288 F. Supp. 3d 970, 981 (D. Neb. 2018) (quotations omitted). Motions to dismiss pursuant to Rule 12(b)(6) permit parties "to test the legal sufficiency of the pleadings." *In re Am. River Transp. Co.*, 728 F.3d 839, 848 (8th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1114 (8th Cir. 2015) (*quoting Iqbal*, 556 U.S. at 678). Courts "are not bound to accept as true 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (internal marks omitted) (*quoting Ashcroft v. Iqbal*, 556 U.S. at 678).

## IV. ARGUMENT

"A fundamental and indispensable basis of any enforceable agreement is that there be a meeting of the minds of the parties as to the essential terms and conditions of the proposed contract." *Gibbons Ranches v. Bailey*, 289 Neb. 949, 953, 857 N.W.2d 808, 812 (2015). "A 'meeting of the minds' occurs, and the first two elements are satisfied, when one party accepts the offer of the other." *Bruce Lavelleur, P.C. v. Guarantee Group, L.L.C.*, 314 Neb. 698, 992 N.W.2d 736 (2023).

J&L does not allege facts to show the formation of a contract. There are no allegations of offer or acceptance, or that J&L and JDT had a "meeting of the minds" as to the material terms of any agreement. While the Complaint alleges, in conclusory fashion, that there were "agreed rates," it does not even attempt to allege what those rates were, let alone who agreed to them or how they were agreed to, or any other terms of the parties' alleged agreement. J&L thus fails to allege the existence of any contractually binding promise. *See In re U.S. Off. Prods. Co. Sec. Litig.*, 251 F. Supp. 2d 58, 71–72 (D.D.C. 2003) (dismissing a breach of contract claim where there was no meeting of the minds as to material terms including price, payment terms, duration, and identity of the parties; and when there were contradictions of material terms within the complaint); *Cambridge Cap. LLC v. Ruby Has LLC*, 565 F. Supp. 3d 420, 471–72 (S.D.N.Y. 2021) (dismissing a breach of contract claim and concluding that there was no manifestation of assent based on the allegations because the allegations did not describe a meeting of the minds and did not describe obligations imposed by the agreement).

4

J&L cannot avoid its obligation to plead the existence of a contract through its allegation that JDT "is in the sole possession of documents and information needed to calculate the payments owed to J&L for JDT's use of J&L's Tractors." [Filing 1, ¶ 10.] Notably, J&L does not allege JDT is in sole possession of documents and information to show the rates or other terms of the alleged contract. The Complaint also provides no plausible basis to conclude J&L in fact lacks knowledge concerning the formation of its alleged contract with JDT. If JDT does lack knowledge of this basic information, there could not have been a meeting of the minds.

In addition, J&L alleges that **JDT** was to be paid the agreed upon rates and that JDT earned money through use of **JDT** Tractors. [Filing 1 ¶¶ 9 and 25] (emphasis added.) These allegations are contradictory and further demonstrate Plaintiff's failure to plead facts that would entitle it to relief.

For these reasons, J&L has failed to allege the existence of a valid contract, and its Second Claim is subject to dismissal with prejudice.

Dated December 20, 2024

JIM DAWS TRUCKING, LLC, Defendant

By    s/Madeline C. Hasley
Andre R. Barry #22505
Henry L. Wiedrich #23696
Madeline C. Hasley #27870
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 US Bank Building
Lincoln, NE 68508
(402) 474-6900
abarry@clinewilliams.com
hwiedrich@clinewilliams.com
mhasley@clinewilliams.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the word count of this brief complies with local rule NECivR 7.1(d). The word-count function of Microsoft Word M365, states that this brief, inclusive of all text, contains 1,214 words.

s/Madeline C. Hasley
Madeline C. Hasley

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will effectuate service on all counsel of record.

s/Madeline C. Hasley
Madeline C. Hasley

4912-1929-7288, v. 3

6