IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| J&L ENTERPRISES, LLC, | ) | CASE NO. 4:24-cv-3222 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED COMPLAINT** |
| v. | ) | **AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| JIM DAWS TRUCKING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

For its amended complaint, J&L Enterprises, LLC states and alleges as follows:

## THE PARTIES

1. J&L Enterprises, LLC ("J&L") is a Nebraska limited liability company with its principal place of business in Seward County, Nebraska.

2. Jim Daws Trucking, LLC ("JDT") is a Nebraska limited liability company with its principal place of business in Lancaster County, Nebraska.

3. The members of JDT are Ricardo Fernandez ("Rick") and Ricardo Fernandez, Jr. ("Ricky") neither of whom are residents or citizens of the State of Nebraska.

## JURSIDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action because the amount in controversy is in excess of $75,000 and complete diversity exists between the parties.

5. This Court has personal jurisdiction over JDT, a Nebraska limited liability company, where JDT is at home.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because it is brought in a judicial district in which the

1

defendant resides and in which a substantial part of the events giving rise to the claim occurred.

## GENERAL ALLEGATIONS

7.    JDT operates a specialty flatbed hauling trucking business.

8.    J&L owned certain semi-tractors, collectively referred to as "J&L's Tractors," identified as follows:

| Truck | Equipment | VIN |
|-------|-----------|-----|
| 006C | Peterbilt | 1XPXDP9X5PD878389 |
| 007B | Peterbilt | 1XPXD49X6RD678279 |
| 009B | Peterbilt | 1XPXP49X8ND780510 |
| 012E | Peterbilt | 1XP5DB9X1YD523293 |
| 018E | Peterbilt | 1XP5DB9X07D639907 |
| 020E | Peterbilt | 1XPXDP9XXLD700955 |
| 030E | Peterbilt | 1XPXDP9X0LD700950 |
| 054C | Peterbilt | 1XPXD49X9RD602278 |
| 059C | Peterbilt | 1XPXD49X0LD635502 |
| 059F | Peterbilt | 1XPXDP9X7PD878389 |
| 070E | Peterbilt | 1XPXDP9XXLD700938 |
| 079C | Peterbilt | 1XPXDP9X4LD700935 |
| 082C | Peterbilt | 1XPXDP9X6JD465290 |
| 084C | Peterbilt | 1XPXDP9X5KD612569 |
| 092A | Peterbilt | 1XPXDP9X2MD750816 |
| 099C | Kenworth | 1XKWD49X3KJ249299 |
| 109C | Peterbilt | 1XPXDP9X2LD700948 |
| 121A | Peterbilt | 1XP5DB9X13D804440 |

9.    JDT augmented and supplemented its fleet by entering into lease agreements with J&L for the use of J&L's Tractors.

10.    J&L offered, and JDT accepted, proposals in which JDT agreed to use J&L's Tractors to haul cargo for JDT and its customers in exchange for JDT making payments to J&L (the "Leases").

11. Under the Leases, and the course of performance of the parties, for cargo JDT delivered using J&L's Tractors, JDT agreed to pay J&L: (a) 80% of revenue for full, partial, and over-dimensional loads, and (b) 100% of the cost of Tarp, Pick-up, stop pay and fuel surcharges.

12. Under the Leases, and the course of performance of the parties, JDT agreed to pay J&L on a weekly basis for loads JDT delivered using J&L's Tractors.

13. JDT used J&L's Tractors to haul cargo for JDT.

14. After hauling a load of cargo using J&L's Tractors, JDT would account to J&L for the cargo hauled by issuing settlement statements to J&L.

15. JDT is in sole possession of documents and information, including the settlement statements regarding the revenue JDT received from cargo it hauled using J&L's Tractors. J&L needs this information to calculate the payments JDT owes to J&L for JDT's use of J&L's Tractors.

16. Before filing this lawsuit, J&L requested that JDT provide copies of settlement statements and information from which J&L could calculate the amounts it was owed under the Leases.

17. JDT has failed and refused to provide an accounting to J&L for the cargo JDT hauled using J&L's Tractors.

18. JDT has failed and refused to pay J&L the amounts JDT owes J&L for JDT's use of J&L's Tractors to haul cargo for JDT.

## FIRST CLAIM—ACCOUNTING

19. J&L incorporates the allegations in paragraphs 1 through 18 as though fully set forth herein.

20. JDT used J&L's Tractors to haul freight for JDT's customers.

21. JDT has received money from its customers as a result of JDT's use of J&L's Tractors.

22.    A portion of the money JDT received from its customers belongs to J&L.

23.    JDT has a duty to account to J&L for the use of J&L's Tractors and the money received from their use.

## SECOND CLAIM—BREACH OF CONTRACT

24.    J&L incorporates the allegations in paragraphs 1 through 23 as though fully set forth herein.

25.    J&L offered to lease J&L's Tractors to JDT.

26.    JDT accepted J&L's offer and used J&L's Tractors to haul cargo.

27.    The Leases between JDT and J&L for the use of J&L's Tractors are contracts.

28.    J&L performed all conditions precedent to the contracts.

29.    JDT breached the contracts by failing and refusing to pay J&L amounts owed for JDT's use of the J&L Tractors.

30.    As a direct and proximate result of JDT's breaches, J&L has been damaged.

## THIRD CLAIM—UNJUST ENRICHMENT
## (IN THE ALTERANTIVE TO CLAIM TWO)

31.    J&L incorporates the allegations in paragraphs 1 through 30 as though fully set forth herein.

32.    Upon information and belief, JDT received money from third-parties for cargo JDT delivered using J&L's Tractors.

33.    JDT accepted the benefit of this money earned from the use of J&L's Tractors.

34.    A portion of the money JDT received from customers for cargo delivered by JDT using J&L's Tractors belongs to J&L.

35.    JDT has wrongfully retained the benefit of the use of this money and has refused to pay J&L for the use of J&L's Tractors.

4

36.     JDT has been unjustly enriched by retaining the use this money.

37.     Justice and equity requires that JDT disgorge to J&L that portion of the money that should be paid to J&L for JDT's use of J&L's Tractors.

38.     J&L demands trial by jury on all triable issues.

WHEREFORE, J&L respectfully requests that judgment be entered in its favor and against JDT in an amount to be proven after an accounting and at trial, pre-judgment interest as allowed by law, including Neb. Rev. Stat. § 45-104, at the rate of twelve percent (12%) per annum, and that J&L be awarded its taxable court costs and any other relief the Court deems just and equitable.

DATED this 8th day of January, 2025.

J&L Enterprises, LLC Plaintiff,


BY:     *Timothy J. Thalken*
        David C. Mullin, #21985
        Timothy J. Thalken, #22173
        Eric W. Wells, #23694
        Kristin M. Nalbach, #27125
        FRASER STRYKER PC LLO
        500 Energy Plaza
        409 South 17th Street
        Omaha, NE  68102-2663
        (402) 341-6000
        (402) 341-8290 - fax
        dmullin@fraserstryker.com
        tthalken@fraserstryker.com
        ewells@fraserstryker.com
        knalbach@fraserstryker.com
        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.


/s/ Timothy J. Thalken


3331595.05