IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J&L ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JIM DAWS TRUCKING, LLC,<br><br>Defendant. | Case No. 4:24-cv-03222 |

**DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS SECOND CLAIM IN PLAINTIFF'S AMENDED COMPLAINT**

Prepared and submitted by:

Andre R. Barry #22505
Henry L. Wiedrich #23696
Madeline C. Hasley #27870
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 US Bank Building
Lincoln, NE 68508
(402) 479-6900
abarry@clinewilliams.com
hwiedrich@clinewilliams.com
mhasley@clinewilliams.com

January 22, 2025

Defendant Jim Daws Trucking, LLC ("JDT") respectfully submits this Brief in support of its Motion to Dismiss the Second Claim in the Amended Complaint filed by Plaintiff J&L Enterprises, LLC ("J&L").

## I. INTRODUCTION

The Amended Complaint is J&L's second attempt to state a claim for breach of contract against JDT. Like its first attempt, the Second Claim in the Amended Complaint is defective and subject to dismissal with prejudice.

The allegations of the Amended Complaint relate to a lawsuit that was previously filed by JDT against the owners of J&L, involving the same business at issue in J&L's allegations in this case. [Case No. 4:24-cv-03177, Filing 1.] As alleged in that case, the Plaintiff in this case, J&L Enterprises, LLC ("J&L"), is a company owned by Jim and Lana Daws, which is part of an ongoing dispute between Jim Daws and other companies he owns, on the one hand, and JDT, on the other. [Case No. 4:24-cv-03177, Filing 1, ¶¶ 7, 36, 57.]

In the Complaint originally filed this case, J&L alleged three separate causes of action against JDT: a First Claim for Accounting; a Second Claim for Breach of Contract; and a Third Claim for Unjust Enrichment. JDT moved to dismiss J&L's Second Claim for Breach of Contract because it failed to state a claim on which relief may be granted. In response, J&L filed an Amended Complaint. While the Amended Complaint adds new allegations, it fails to address the fundamental defect in J&L's Second Claim for Breach of Contract, because it still fails to set forth any facts to show offer, acceptance, or a meeting of the minds as to the material terms of a valid contract.

## II. J&L's ALLEGATIONS

As with its original Complaint, the allegations in J&L's Amended Complaint against JDT are sparse. In its original Complaint, J&L alleged it leased semi-trailers to JDT; that JDT would pay J&L a portion of the revenue and other fees resulting from cargo carried using J&L's Tractors; that after hauling a load of cargo, JDT would account to J&L for the cargo it hauled and pay **JDT** "the agreed upon rates"; that JDT is in sole possession of documents and information needed to calculate the payments J&L claims are owed; and that J&L has refused to pay. [Filing 1 ¶¶ 7–13.] To address some of the defects in its Amended Complaint, J&L now identifies the specific semi-tractors it alleges were owned by J&L. [Filing 11 ¶ 8.] It also alleges, in conclusory fashion, that "J&L offered, and JDT accepted, proposals in which JDT agreed to use J&L's Tractors to haul cargo for JDT and its customers in exchange for JDT making payments to J&L (the 'Leases')", as well as the rates its claims the parties agreed to. [Filing 11 ¶¶ 10, 11.]

But J&L still does not allege any facts to show offer, acceptance, or the meeting of the parties' minds as to the material terms of contract. For example, there is no allegation of any written agreement, or, if the agreement is claimed to be oral (which the Amended Complaint does not say), who made the proposal on behalf of J&L, what the terms of the proposal were, when the proposal was made, who accepted it on behalf of JDT, and when, let alone other material terms of the agreement such as its duration and terms for payment. The existence of a contract is questionable, given J&L's alternative claim for unjust enrichment.

## III. LEGAL STANDARD

"Dismissal under Fed. R. Civ. P. 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Cronin v. Peterson*, 288 F. Supp. 3d 970, 981 (D. Neb. 2018) (quotations omitted). Motions to dismiss pursuant to Rule 12(b)(6) permit parties "to test the legal sufficiency of the pleadings." *In re Am. River Transp. Co.*, 728 F.3d 839, 848 (8th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1114 (8th Cir. 2015) (*quoting Iqbal*, 556 U.S. at 678). Courts "are not bound to accept as true 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (internal marks omitted) (*quoting Ashcroft v. Iqbal*, 556 U.S. at 678).

## IV. ARGUMENT

"A fundamental and indispensable basis of any enforceable agreement is that there be a meeting of the minds of the parties as to the essential terms and conditions of the proposed contract." *Gibbons Ranches v. Bailey*, 289 Neb. 949, 953, 857 N.W.2d 808, 812 (2015). "A 'meeting of the minds' occurs, and the first two elements are satisfied, when one party accepts the offer of the other." *Bruce Lavelleur, P.C. v. Guarantee Group, L.L.C.*, 314 Neb. 698, 992 N.W.2d 736 (2023).

J&L does not allege facts to show the formation of a contract in its Amended Complaint. As with its original Complaint, J&L has made no allegations of offer or acceptance, or any facts that might show J&L and JDT had a meeting of the minds as to the material terms of any agreement. While the Amended Complaint now alleges the rates J&L claims JDT agreed to, it still fails to allege who agreed to them, how they were agreed to, or any other terms of the parties' alleged agreement. J&L thus fails to allege the existence of any contractually binding promise. *See In re U.S. Off. Prods. Co. Sec. Litig.*, 251 F. Supp. 2d 58, 71–72 (D.D.C. 2003) (dismissing a breach of contract claim where there was no meeting of the minds as to material terms including price, payment terms, duration, and identity of the parties; and when there were contradictions of material terms within the complaint); *Cambridge Cap. LLC v. Ruby Has LLC*, 565 F. Supp. 3d 420, 471–72 (S.D.N.Y. 2021) (dismissing a breach of contract claim and concluding that there was no manifestation of assent based on the allegations because the allegations did not describe a meeting of the minds and did not describe obligations imposed by the agreement).

J&L cannot avoid its obligation to plead the existence of a contract through its allegation that JDT "is in the sole possession of documents and information needed to calculate the payments owed to J&L for JDT's use of J&L's Tractors." [Filing 1, ¶ 10.] Notably, J&L does not allege JDT is in sole possession of documents and information to show the formation of a contract, nor does it provide any plausible basis to conclude J&L in fact lacks such knowledge.

## V. CONCLUSION

This is J&L's second failed attempt to state a valid breach of contract claim. Its Second Claim is thus subject to dismissal with prejudice.

Dated January 22, 2025

JIM DAWS TRUCKING, LLC, Defendant

By s/Madeline C. Hasley

Andre R. Barry #22505
Henry L. Wiedrich #23696
Madeline C. Hasley #27870
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 US Bank Building
Lincoln, NE 68508
(402) 474-6900
abarry@clinewilliams.com
hwiedrich@clinewilliams.com
mhasley@clinewilliams.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the word count of this brief complies with local rule NECivR 7.1(d). The word-count function of Microsoft Word M365, states that this brief, inclusive of all text, contains 1,278 words.

s/Madeline C. Hasley
Madeline C. Hasley

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will effectuate service on all counsel of record.

s/Madeline C. Hasley
Madeline C. Hasley