IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| J&L ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JIM DAWS TRUCKING, LLC,<br><br>Defendant. | ) | CASE NO. 4:24-cv-3222<br><br>**BRIEF IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT** |

## INTRODUCTION

This case is straightforward. J&L Enterprises, LLC ("J&L") leased trucks to Jim Daws Trucking, LLC ("JDT"). JDT used those trucks to haul loads, and now JDT is refusing to pay J&L for their use. JDT moves to dismiss J&L's second claim for breach of contract arguing that J&L hasn't pled facts to show offer, acceptance, or a meeting of the minds. (Filing 14 at ECF p. 3). J&L pled that J&L offered, and JDT accepted, proposals to use J&L's tractors, which are specifically identified in the Amended Complaint, to haul loads for JDT at agreed upon rates. (Filing 11 at ECF 2, ¶¶ 8-18). These facts are more than sufficient to state a plausible claim for breach of contract.

JDT does not challenge the sufficiency of J&L's other two claims so this case will go forward. The remaining details relating to the breach of contract claims are issues for discovery, not a motion to dismiss. JDT's attempt to delay paying J&L what is owed through motion practice should be rejected. JDT's motion to dismiss should be denied.

## THE AMENDED COMPLAINT

Because the key allegations in the Amended Complaint as so straight-forward and relatively brief, J&L will simply reprint them below.

7. JDT operates a specialty flatbed hauling trucking business.

8. J&L owned certain semi-tractors, collectively referred to as "J&L's Tractors," identified as follows:

| Truck | Equipment | VIN |
|---|---|---|
| 006C | Peterbilt | 1XPXDP9X5PD878389 |
| 007B | Peterbilt | 1XPXD49X6RD678279 |
| 009B | Peterbilt | 1XPXP49X8ND780510 |
| 012E | Peterbilt | 1XP5DB9X1YD523293 |
| 018E | Peterbilt | 1XP5DB9X07D639907 |
| 020E | Peterbilt | 1XPXDP9XXLD700955 |
| 030E | Peterbilt | 1XPXDP9X0LD700950 |
| 054C | Peterbilt | 1XPXD49X9RD602278 |
| 059C | Peterbilt | 1XPXD49X0LD635502 |
| 059F | Peterbilt | 1XPXDP9X7PD878389 |
| 070E | Peterbilt | 1XPXDP9XXLD700938 |
| 079C | Peterbilt | 1XPXDP9X4LD700935 |
| 082C | Peterbilt | 1XPXDP9X6JD465290 |
| 084C | Peterbilt | 1XPXDP9X5KD612569 |
| 092A | Peterbilt | 1XPXDP9X2MD750816 |
| 099C | Kenworth | 1XKWD49X3KJ249299 |
| 109C | Peterbilt | 1XPXDP9X2LD700948 |
| 121A | Peterbilt | 1XP5DB9X13D804440 |

9. JDT augmented and supplemented its fleet by entering into lease agreements with J&L for the use of J&L's Tractors.

10. J&L offered, and JDT accepted, proposals in which JDT agreed to use J&L's Tractors to haul cargo for JDT and its customers in exchange for JDT making payments to J&L (the "Leases").

11. Under the Leases, and the course of performance of the parties, for cargo JDT delivered using J&L's Tractors, JDT agreed to pay J&L: (a) 80% of revenue for full, partial, and over-dimensional loads, and (b) 100% of the cost of Tarp, Pick-up, stop pay and fuel surcharges.

12. Under the Leases, and the course of performance of the parties, JDT agreed to pay J&L on a weekly basis for loads JDT delivered using J&L's Tractors.

13. JDT used J&L's Tractors to haul cargo for JDT.

14. After hauling a load of cargo using J&L's Tractors, JDT would account to J&L for the cargo hauled by issuing settlement statements to J&L.

15. JDT is in sole possession of documents and information, including the settlement statements regarding the revenue JDT received from cargo it hauled using J&L's Tractors. J&L needs this information to calculate the payments JDT owes to J&L for JDT's use of J&L's Tractors.

16. Before filing this lawsuit, J&L requested that JDT provide copies of settlement statements and information from which J&L could calculate the amounts it was owed under the Leases.

17. JDT has failed and refused to provide an accounting to J&L for the cargo JDT hauled using J&L's Tractors.

18. JDT has failed and refused to pay J&L the amounts JDT owes J&L for JDT's use of J&L's Tractors to haul cargo for JDT.

(Filing 11 at ECF p. 2).

## ARGUMENT

### I. JDT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE J&L HAS PLED SUFFICIENT FACTS TO STATE A PLAUSIBLE BREACH OF CONTRACT CLAIM.

In *Krei v. Nebraska, 446 F. Supp. 3d 499 (D. Neb. 2020)* (Buescher, J.) this Court set forth the applicable standard of review on a motion to dismiss brought under Rule 12(b)(6):

> A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929

> (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 192 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).
>
> In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty*., 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678).

*Krei v. Nebraska, 446 F. Supp. 3d 499, 504 (D. Neb. 2020)* (Buescher, J.).

Here, J&L pled that it offered, and JDT accepted, proposals to lease eighteen trucks from J&L at specified rates, JDT actually used J&L's trucks to haul cargo, JDT has failed and refused to pay J&L the agreed upon rates, and that JDT is in sole possession of the documents necessary to determine the amounts due. (Filing 11 at ECF 2, ¶¶ 8-18). J&L also pled facts establishing that the parties had a course of performance as to how payments were calculated and paid. (Filing 11 at ECF 2, ¶¶ 14-15). This is more than sufficient to establish offer, acceptance, and meeting of the minds and to state a plausible breach of contract claim. These facts are sufficient from which the court could reasonably infer that J&L breached a contract.

The two cases JDT cites from other jurisdictions in support of its motion are easily distinguishable. In *In re U.S. Office Products Co. Securities Litigat.*, 251 F.Supp.2d 58, 63 (D.D.C.,2003), the parties entered into a written Reorganization Agreement. When a dispute arose around the Reorganization Agreement, the parties met on February 11, 1998, and the plaintiff alleged that that another party "personally guaranteed that if USOP did not take action to address their concerns after the USOP spin-offs occurred, Mr. Ledecky himself would make the plaintiffs whole." *Id*. (the "February 11 Agreement").

Subsequently, the parties exchanged letters, which were incorporated into the complaint, but contradicted these alleged terms. "This contradiction within the complaint shows that a critical material term—namely, the identity of the debtors—was not sufficiently definite." *Id*. at 72. Because of these contradictions in the

complaint and the indefiniteness of the terms, the Court dismissed the breach of contract claim for failing to state a claim because there was no meeting of the minds. "The February 11 Agreement is not complete, as demonstrated by the Claypoole and Ledecky letters wherein the plaintiffs vary the material terms, and does not indicate an intent to be bound, as demonstrated by the use of the words 'proposal' and 'alternative measures' in the Ledecky letter." *Id*.

Citing to the *original* complaint, JDT argues that J&L's complaint is contradictory. (Filing 14 at ECF p. 3). The original complaint contained a typographical error referring in one paragraph to JDT where it should have referred to J&L (Filing 1-1 ¶ 9). That error was corrected in the Amended Complaint. The Amended Complaint supersedes the original complaint. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). It is, therefore, improper for JDT to cite to a contradiction, here a typo, in a superseded complaint that was corrected in the operative Amended Complaint. There is nothing contradictory in the Amended Complaint. In addition, unlike in *U.S. Office Products*, the agreed upon rates to be paid for the trucks leased are specifically and definitely set forth in the Amended Complaint. (Filing 11 at ECF 2, ¶¶ 8-18).

The second case upon which JDT relies is also inapplicable. In *Cambridge Capital LLC v. Ruby Has LLC*, 565 F.Supp.3d 420, 469 (S.D.N.Y., 2021), the parties entered into a written one-year non-disclosure agreement (the "NDA"). The defendant filed a counterclaim alleging that the Plaintiff breached the NDA by including confidential information in its complaint filed on December 31, 2020. The plaintiff moved to dismiss the counterclaim arguing "the NDA expired on April 11, 2020, one year after it was executed, and well before Cambridge Capital filed its complaint on December 31, 2020." *Id*. at 468. The court agreed and dismissed the breach of contract counterclaim holding: "The NDA expired on April 11, 2020, and with its expiration so too did Cambridge Capital's obligations under the NDA." *Id.*

In an attempt to salvage its claim, the counterclaimant alleged that in May 2020 the parties orally agreed "to be bound by earlier written NDA." *Id*. at 471. But the Court noted that at the time of the alleged conversation the NDA had already expired and did not apply to new information exchanged after its expiration. The Court held:

> Reference to the April 2019 NDA cannot supply an agreed term during which Cambridge Capital was to keep Ruby Has's newly-provided information confidential as that term had already ended. It does not describe the type of information that would be considered by the parties to be confidential. It also does not describe what obligations were imposed by the supposed confidentiality agreement, including what measures the parties were required to take to keep confidentiality and whether those obligations were reciprocal. Taking the allegations as pleaded, the terms are "vague and indefinite" such that "there is no manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms."

*Id*. at 471-72.

Here, J&L has pled the material terms of the contract including an identification of the trucks leased and the rates agreed to. (Filing 11 at ECF 2, ¶¶ 8-18). There is nothing vague or indefinite about the material terms of the agreement J&L has alleged.

Further, JDT argues "The existence of a contract is questionable, given J&L's alternative claim for unjust enrichment." (Filing 14 at ECF p. 3). It is well-established that a party may plead claims in the alternative, even inconsistent claims. *See Johnson v. Climate Corporation*, 2016 WL 11654853, at *4 (D.Neb., 2016) )("As permitted by Nebraska law, the plaintiffs pled claims for unjust enrichment as an alternative to their breach-of-contract claims. *Prof'l Recruiters, Inc. v. Oliver*, 456 N.W.2d 103, 107 (Neb. 1990)."); *Hampton v. Kohler*, No. 18-541, 2018 WL 3076018, at *2 (D.Minn., June. 21, 2018) ("A plaintiff is permitted to plead unjust enrichment in the alternative, even if the claim is inconsistent with his breach of contract claim."); *see also* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Consistent with Rule 8, J&L has properly pled its breach of contract and unjust enrichment claims as alternative claims.

## CONCLUSION

The Amended Complaint states a claim for breach of contract. JDT's motion to dismiss should be denied. Any additional details can be determined in discovery.

DATED this 29th day of January, 2025.

J&L ENTERPRISES, LLC PLAINTIFF,

BY: *Timothy J. Thalken*

David C. Mullin, #21985
Timothy J. Thalken, #22173
Eric W. Wells, #23694
Kristin M. Nalbach, #27125
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
(402) 341-6000
(402) 341-8290 - fax
dmullin@fraserstryker.com
tthalken@fraserstryker.com
ewells@fraserstryker.com
knalbach@fraserstryker.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d), counsel certifies that this brief contains 2,040 words including all text, captions, headings, footnotes, and quotations according to the word count function of Microsoft Word 365.

/s/ *Timothy J. Thalken*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Timothy J. Thalken*

3346319