IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J&L ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JIM DAWS TRUCKING, LLC,<br><br>Defendant. | Case No. 4:24-cv-03222 |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND CLAIM IN PLAINTIFF'S AMENDED COMPLAINT**

Prepared and submitted by:

Andre R. Barry #22505
Henry L. Wiedrich #23696
Madeline C. Hasley #27870
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 US Bank Building
Lincoln, NE 68508
(402) 479-6900
abarry@clinewilliams.com
hwiedrich@clinewilliams.com
mhasley@clinewilliams.com

February 5, 2025

Defendant Jim Daws Trucking, LLC ("JDT") respectfully submits this Reply Brief in response to Plaintiff's Opposition to Motion to Dismiss Amended Complaint [Filing No. 15] and in further support of its Motion to Dismiss the Second Claim in the Amended Complaint filed by Plaintiff J&L Enterprises, LLC ("J&L"). [Filing No. 13.]

## INTRODUCTION

As set forth in JDT's Brief in Support of its Motion to Dismiss, J&L's Amended Complaint fails to plead sufficient facts to state a plausible claim for breach of contract against JDT. [See Filing No. 14]. Specifically, in J&L's second attempt, the Amended Complaint still alleges no facts that could plausibly show the formation of a contract. In its Brief in Opposition to the Motion to Dismiss, J&L cuts and pastes twelve paragraphs from the Amended Complaint that purportedly satisfy their pleading requirements. [Filing No. 15.] But restating defective allegations in its Amended Complaint does not add what is needed. J&L continues to rely on the bare conclusion that a contract was formed, without alleging any facts to show offer or acceptance. Because J&L has failed to allege facts that, if proved, would show the existence of a contract, the Second Claim in its Amended Complaint remains subject to dismissal.

## ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] plaintiff's obligation to provide the

"grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and ***a formulaic recitation of the elements of a cause of action will not do.*** " *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955 (emphasis added). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *4Tec Precision Imaging Co. v. YRC*, Inc., No. 8:15CV249, 2015 WL 13446672 (D. Neb. Aug. 21, 2015) (citing *Iqbal*, 556 U.S. at 678).

"To allege the existence of an enforceable contract, [a plaintiff] must allege facts showing a valid offer and acceptance." *Saika v. Ocwen Loan Servicing, LLC*, 357 F. Supp. 3d 704 (N.D. Ill. 2018). For example, in *Johnson v. Homeownership Preservation Foundation*, 2009 WL 6067018, at *7 (D. Minn. Dec. 18, 2009), the Magistrate Judge recommending dismissal of a complaint that did not "set forth the terms of any offer made by [defendant] to [plaintiff], much less who made the offer or when and how it was communicated to her." This recommendation was adopted by the District Court. *See Johnson v. Homeownership Preservation Foundation*, 2010 WL 1050333 (D. Minn. Mar. 18, 2010).

J&L's claim is similarly defective. J&L argues its breach of contract claim is sufficient because it now makes the conclusory allegation that it offered and JDT accepted proposals in which JDT agreed to use J&L's Tractors to haul cargo for JDT and its customers in exchange for JDT making payments to J&L. But, as in *Johnson*, there are no factual allegations as to when any such proposal was made, how it was made, or how it was accepted. Such factual allegations are necessary to plausibly set forth a claim that a valid contract was formed.

These defects are particularly glaring because J&L also seeks to allege unjust enrichment. At a minimum, this strongly suggests J&L realizes any communications between it and JDT did not constitute offer and acceptance. While J&L is entitled to plead in the alternative, its ability to do so does not relieve it of the obligation to allege facts, as opposed to threadbare conclusions, to show offer and acceptance leading to the formation of a valid contract. It has failed to meet this basic requirement.

**CONCLUSION**

Because the conclusory allegations set forth in Plaintiff's Second Claim fail to meet the pleading requirement of Fed. R. Civ. P. 12(b)(6), its breach of contract claim remains subject to dismissal for failure to state a claim.

Dated February 5, 2025

JIM DAWS TRUCKING, LLC, Defendant

By s/ Andre R. Barry

Andre R. Barry #22505
Henry L. Wiedrich #23696
Madeline C. Hasley #27870
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 US Bank Building
Lincoln, NE 68508
(402) 474-6900
abarry@clinewilliams.com
hwiedrich@clinewilliams.com
mhasley@clinewilliams.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the word count of this brief complies with local rule NECivR 7.1(d). The word-count function of Microsoft Word M365, states that this brief, inclusive of all text, contains 793 words, and that no generative AI was used in drafting this document.

s/Andre R. Barry
Andre R. Barry

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2025, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will effectuate service on all counsel of record.

s/ Andre R. Barry
Andre R. Barry

4912-1089-0007, v. 3